## WILLIAM BLACK *against* JOHN MARVIN.

### IN ERROR.

One partner is not a competent witness for his co-partner, in an action brought against him, which arose out of a partnership transaction: nor can he be made so by a release from liability to contribute.

WRIT of error to the Common Pleas of Crawford county.

This was an action brought by *Marvin* against *Black*, for not delivering goods, which he had undertaken to carry.

The defendant offered *Gibson* as a witness, who was objected to by the plaintiff, on the ground of his having been a partner of *Black*, in the transaction out of which this suit arose. Whereupon *Black* executed a release to *Gibson*, of which the following is an extract, "do hereby release, discharge, and acquit from all liability, negligence in hauling butter, cheese, &c., from Centre county: and from actions, causes of action, suits or demands, arising out of the said transaction in way or manner whatever: hereby totally discharging the said *Robert* from all kind of responsibility in the same."

The Court *(Shippen, President)* rejected the witness.

*Selden* for plaintiff in error.

Whether the plaintiff recovered in this action against *Black* or not, he could not sustain another action against *Gibson*. And as to *Gibson's* liability to *Black*, he was released from it.

*Wallace* for defendant in error.

There are two grounds why a partner is not a competent witness. One is, that the joint funds are diminished by a recovery. And the other that he is liable to contribution. In this case the first reason is conclusive, why the witness was properly rejected.

*Per curiam.*—The interests of the witness and defendant were inseparable. They were partners as carriers, and the joint funds would be decreased by an execution against either: so that the witness had an interest paramount to the release; the words of which too, are scarcely comprehensive enough to include his responsibility even to the defendant.

Judgment affirmed.